IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EUGENNA AILEEN TAYLOR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  ELH-15-3113 |
| | * | |
| UNIVERSITY OF MARYLAND, et al., | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM**

Pending are Eugenna Aileen Taylor's complaint against multiple defendants (ECF 1); her motion for leave to proceed in forma pauperis (ECF 2); a motion for copy work (ECF 3); and a motion for leave to amend the complaint, filed on the same date as the complaint.  ECF 4.  Taylor's financial affidavit indicates that she is indigent.  Accordingly, the court will grant her motion to proceed in forma pauperis.

Taylor is proceeding under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee.  To protect against possible abuses of this privilege, however, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The court is mindful of its obligation to construe liberally the pleadings of pro se litigants such as Taylor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a complaint filed by a self-represented litigant, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  A complainant who submits an inartfully pled action that contains a potentially cognizable claim should be given the opportunity to particularize the complaint in order to define the issues. *See Johnson v. Silvers*, 742 F.2d 823,

825 (4th Cir. 1984).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Taylor's complaint seeks to reopen or reinstate civil actions AW-11-3008 and JKB-15-722.  *See* ECF 1 at 5.  Taylor explains she needs "to refile due to failure of service delivery per case # JKB-15-722," and is "entitled to relief, as specified in AW-11-3008 and JKB-15-722." ECF 1 at 5.

The docket shows JKB-15-722 is an active case and does not need to be reopened or reinstated.  The second case, *Taylor v. University of Maryland, Baltimore*, *et al*, AW-11-3008, was dismissed on May 2, 2012, by the Honorable Alexander Williams, who found Taylor failed to allege any cognizable claims. ECF 51; ECF 52.  The memorandum that accompanied the dismissal order said in part, that the complaint consisted of "rambling and largely incomprehensible diatribe against the University of Maryland based on its dismissal of Plaintiff from its graduate Clinical Nurse Leader program after Plaintiff failed to maintain a 3.5 grade point average as required by the program." ECF 51 at 2.  The memorandum further stated, *id.* at 3:

> Although it appears Plaintiff was never employed by the University, Plaintiff claims that Defendants are liable for employment discrimination as well as medical malpractice, housing discrimination, slander, racial and sexual harassment, trespassing, invasion of privacy, invasion of seclusion, exposure of medical information, and false imprisonment. Plaintiff also alleges that Defendants burglarized her and were involved in a suspicious automobile accident.

Additionally, Judge Williams observed that Taylor had filed six motions for summary judgment that were similarly incomprehensible and each was denied as moot given the Complaint's failure to state a claim. *Id*. Taylor's instant complaint fails to provide grounds to warrant reinstatement of this long-closed matter.

In light of the above, the court will dismiss this case, for failure to state a cause of action. The motion for leave to amend will be denied. Taylor's broadly stated motion for copy work will be denied because it fails to particularize a need for specific documents. A separate Order will be entered with this Memorandum.

October 16, 2015\_\_\_\_                              _____/s/_____
Date                                                             Ellen L. Hollander
                                                                 United States District Judge